UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIDIER COMBE, Individually, and as Parent and Legal Guardian of his minor Child, CHLOE COMBE-RIVAS<br><br>Plaintiff,<br><br>-vs-<br><br>CONTINENTAL AIRLINES, INC.,<br><br>Defendant. | Civil Action No.1:07-CV-10155-RCL |

## CONTINENTAL AIRLINES, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT AND JURY DEMAND

The defendant Continental Airlines, Inc. (hereinafter "Continental") hereby answers the plaintiffs' First Amended Complaint pursuant to Fed. R. Civ. P. 8 and 12.

### JURISDICTION AND VENUE

1. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 1 of the First Amended Complaint.

2. Continental admits the averments in Paragraph 2 of the First Amended Complaint.

3. Continental states that the averments contained in Paragraph 3 of the First Amended Complaint contain legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Continental admits the averments contained in the first sentence of Paragraph 3. Further responding, Continental denies the remaining averments contained in Paragraph 3 of the First Amended Complaint.

4. Continental states that the averments contained in Paragraph 4 of the First Amended Complaint contain legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Continental admits that it is a Delaware corporation with a principle place of business in Texas and it does not have sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 4 of the First Amended Complaint.

5. Continental states that the averments contained in Paragraph 5 of the First Amended Complaint contain legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Continental admits that it operates regularly scheduled flights to and from Boston's Logan Airport and otherwise does not have sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 5 of the First Amended Complaint.

## **GENERAL ALLEGATIONS**

6. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 6 of the First Amended Complaint.

7. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 7 of the First Amended Complaint.

8. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 8 of the First Amended Complaint.

9. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 9 of the First Amended Complaint.

10. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 10 of the First Amended Complaint.

11. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 11 of the First Amended Complaint.

12. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 12 of the First Amended Complaint.

13. Continental states that the averments contained in Paragraph 13 of the First Amended Complaint contain legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Continental admits that it is in the business of transporting passengers by air, both nationally and internationally and that its conduct is regulated by federal statutes and regulations and the Contract of Carriage.

14. Continental admits that the terms of the Contract of Carriage set forth the terms and conditions of travel.

15. Continental denies the averments in Paragraph 15 of the First Amended Complaint.

16. Continental denies the averments in Paragraph 16 of the First Amended Complaint.

17. Continental denies the averments in Paragraph 17 of the First Amended Complaint.

18. Continental denies the averments in Paragraph 18 of the First Amended Complaint.

19. Continental denies the averments in Paragraph 19 of the First Amended Complaint.

20. Continental denies the averments in Paragraph 20 of the First Amended Complaint.

21. Continental admits that it was its general practice to issue boarding passes for international flights at the ticket counter. Further responding, Continental states that the remaining averments contained in Paragraph 21 are misleading, argumentative and contain legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Continental does not have sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 21 of the First Amended Complaint.

22. Continental admits that its ticket counter at the Kansas City, Missouri Airport was in the public area of the airport and denies the remaining averments contained in Paragraph 22 of the First Amended Complaint.

23. Continental states that the averments contained in Paragraph 23 of the First Amended Complaint contain legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Continental denies the averments in Paragraph 23 of the First Amended Complaint.

24. Continental admits that generally boarding passes are required to pass through the security checkpoint to the departure gate of the Kansas City, Missouri Airport and it does not have sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 24 of the First Amended Complaint.

25. Continental admits that it generally requires passengers to have boarding passes before passing through the security checkpoint to the departure gate and it does

not have sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 25 of the First Amended Complaint.

26. Continental denies the averments contained in Paragraph 26 of the First Amended Complaint.

27. Continental denies the averments contained in Paragraph 27 of the First Amended Complaint.

28. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 28 of the First Amended Complaint.

29. Continental admits that it issued a boarding pass for Alene Rivas-Vera and Chloe to travel from the United States to Mexico and denies that it was required to seek proof of consent or permission from Chloe's father before issuing the boarding passes. Further responding, Continental does not have sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 29 of the First Amended Complaint.

30. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 30 of the First Amended Complaint.

31. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 31 of the First Amended Complaint.

32. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 32 of the First Amended Complaint.

<u>**COUNT I-NEGLIGENCE**</u>
**DIDIER COMBE (INDIVIDUALLY) v. DEFENDANT**

33. Continental repeats and incorporates by reference its responses to Paragraphs 1-32 of the First Amended Complaint, as if fully restated herein.

34.     Continental denies the averments in Paragraph 34 of Count I of the First Amended Complaint.

35.     Continental admits that the reservations for the flight were made on short notice and denies that Mexico requires proof of consent of a non-traveling parent. Further responding, Continental does not have sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 35 of Count I of the First Amended Complaint.

36.     Continental denies the averments in Paragraph 36 of Count I of the First Amended Complaint.

37.     Continental denies the averments in Paragraph 37 of Count I of the First Amended Complaint.

38.     Continental denies the averments in Paragraph 38 of Count I of the First Amended Complaint.

39.     Continental denies the averments in Paragraph 39 of Count I of the First Amended Complaint.

40.     Continental denies the averments in Paragraph 40 of Count I of the First Amended Complaint.

41.     Continental denies the averments in Paragraph 41 of Count I of the First Amended Complaint.

42.     Continental denies the averments in Paragraph 42 of Count I of the First Amended Complaint to the extent that they purport to allege any wrongdoing on the part of Continental. Further responding, Continental does not have sufficient knowledge or

information to form a belief as to the truth of the remaining averments in Paragraph 42 of Count I of the First Amended Complaint regarding the plaintiff's damage.

43. Continental denies the averments in Paragraph 43 of Count I of the First Amended Complaint to the extent that they purport to allege any wrongdoing on the part of Continental. Further responding, Continental does not have sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 43 of Count I of the First Amended Complaint.

44. Continental denies the averments in Paragraph 44 of Count I of the First Amended Complaint.

## COUNT II-BREACH OF CONTRACT
### DIDIER COMBE (INDIVIDUALLY) v. DEFENDANT

45. Continental repeats and incorporates by reference its responses to Paragraphs 1-44 of the First Amended Complaint as if fully stated herein.

46. Continental denies the averments in Paragraph 46 of Count II of the First Amended Complaint.

47. Continental denies the averments in Paragraph 47 of Count II of the First Amended Complaint.

48. Continental denies the averments in Paragraph 48 of Count II of the First Amended Complaint.

49. Continental denies the averments contained in Paragraph 49 of Count II of the First Amended Complaint to the extent that they purport to allege any wrongdoing on the part of Continental. Further responding, Continental does not have sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 49 of Count II of the First Amended Complaint.

50. Continental denies the averments contained in Paragraph 50 of Count II of the First Amended Complaint to the extent that they purport to allege any wrongdoing on the part of Continental. Further responding, Continental does not have sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 50 of Count II of the First Amended Complaint.

51. Continental denies the averments in Paragraph 51 of Count II of the First Amended Complaint.

## COUNT III-INTERFERENCE WITH CUSTODIAL RELATIONS
## DIDIER COMBE (INDIVIDUALLY) v. DEFENDANT

52. Continental repeats and incorporates by reference its responses to Paragraphs 1-51 of the First Amended Complaint as if fully restated herein.

53. Continental does not have sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 53 of Count III of the First Amended Complaint.

54. Continental denies the averments in Paragraph 54 of Count III of the First Amended Complaint.

55. Continental denies the averments in Paragraph 55 of Count III of the First Amended Complaint.

56. Continental admits that it owed a duty to passenger Chloe Combe and that said duty is set forth in the Contract of Carriage and other federal statutes and regulations. Continental denies the remaining averments in Paragraph 56 of Count III of the First Amended Complaint.

57. Continental denies the averments in Paragraph 57 of Count III of the First Amended Complaint.

## COUNT IV-NEGLIGENCE
**CHLOE COMBE (BY AND THROUGH DIDIER COMBE) v. DEFENDANT**

58.     Continental repeats and incorporates by reference its responses to Paragraphs 1-57 of the First Amended Complaint as if fully restated herein.

59.     Continental denies the averments contained in Paragraph 59 of Count IV of the First Amended Complaint to the extent that they purport to allege any wrongdoing on the part of Continental. Further responding, Continental does not have sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 59 of Count IV of the First Amended Complaint.

60.     Continental denies the averments in Paragraph 60 of Count IV of the First Amended Complaint.

## COUNT V-BREACH OF CONTRACT
**CHLOE COMBE (BY AND THROUGH DIDIER COMBE) v. DEFENDANT**

61.     Continental repeats and incorporates by reference its responses to Paragraphs 1-60 of the First Amended Complaint as if fully restated herein.

62.     Continental denies the averments in Paragraph 62 of Count V of the First Amended Complaint regarding the cause of plaintiff's damage. Continental denies that the plaintiff has been damaged. Continental does not have sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 62 of Count V of the First Amended Complaint.

63.     Continental denies the averments in Paragraph 63 of Count V of the First Amended Complaint.

## COUNT VI-INTERFERENCE WITH CUSTODIAL RELATIONS
## CHLOE COMBE (BY AND THROUGH DIDIER COMBE) v. DEFENDANT

64. Continental repeats and incorporates by reference its responses to Paragraphs 1-63 of the First Amended Complaint as if fully restated herein.

65. Continental denies the averments in Paragraph 65 of Count VI of the First Amended Complaint.

66. Continental denies the averments in Paragraph 66 of Count VI of the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's First Amended Complaint fails to state a claim against Continental upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiffs' common law claims are preempted in whole or in part by the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in note following* 49 U.S.C. § 40105 (hereinafter "Warsaw Convention") and the subsequently enacted Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (hereinafter "the Montreal Convention").

## THIRD AFFIRMATIVE DEFENSE

Any of plaintiffs' claims that relate to rates, routes, and services provided by Continental are expressly preempted by the Airline Deregulation Act ("ADA") 49 U.S.C. § 41713.

## FOURTH AFFIRMATIVE DEFENSE

The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq. now recodified and incorporated in to 49 U.S.C. § 40101 et seq.), and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that air carriers must follow for aviation safety and security and these federal standards preempt State law standards governing flight operations, maintenance, inspection, and flight crew training procedures which plaintiffs allege that Continental violated. Continental's compliance with these federal standards precludes a finding of liability against it.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 and the federal regulations promulgated pursuant thereto are barred since compliance with those state laws would constitute an unconstitutional burden on interstate air commerce.

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to the Conditions of Carriage section set forth in the relevant contract of transportation, which has the force of law, there is no liability to the plaintiff or, alternatively, liability is limited.

## SEVENTH AFFIRMATIVE DEFENSE

The Contract of Carriage, which has the force of law, disclaims all third-party beneficiary claims.

## EIGHTH AFFIRMATIVE DEFENSE

The Contract of Carriage, which has the force of law, disclaims all emotional and psychological damage claims.

## NINETH AFFIRMATIVE DEFENSE

If the plaintiffs are entitled to damages, which Continental expressly denies, then Plaintiffs are only entitled to actual damages and are not entitled to consequential damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no physical injury and are not entitled to any award based upon allegations of strictly psychological or emotional damage.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' damages, if any, were not caused by any negligence or culpable conduct on Continental's part.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because their damages, if any, were caused or brought about by the negligence of persons or entities for whose conduct Continental bears no responsibility.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' alleged damages were caused by unforeseeable, intervening, and/or superseding criminal acts of a third party, who was not under the care, custody, control or supervision of Continental.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' alleged damages were remote and not a reasonably foreseeable consequence of any alleged conduct by Continental; therefore Continental owed no duty to plaintiffs as a matter of law and cannot be held liable for plaintiffs' alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Continental is not liable to plaintiffs because Continental complied with all applicable government regulations in effect at the time of the events described in the Amended Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery, in whole or in part, against Continental on a theory of negligence, because the alleged damages were caused by the plaintiff's conduct in his marriage as well as his conduct in response to the filing of the petition for divorce decree by Alene Rivas-Vera.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Continental fail because their alleged injuries and losses were caused by one or more intervening, superseding causes.

### JURY DEMAND

Continental demands trial by jury on the plaintiff's claims.

WHEREFORE, Continental demands judgment of dismissal and such further relief as the Court deems just and proper.

**CONTINENTAL AIRLINES, INC.**

**By its attorneys,**
**CAMPBELL CAMPBELL EDWARDS & CONROY, PC**

/s/ Richard P. Campbell
Richard P. Campbell (BBO # 071600)
Kathleen M. Guilfoyle (BBO# 546512)
Christopher B. Parkerson (BBO# 662952)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

DATED: July 9, 2007

CERTIFICATE OF SERVICE

I, Kathleen M. Guilfoyle, attorney for the defendant, Continental Airlines, Inc., hereby certify that a true copy of the within was served upon all counsel of record for each party electronically and by mail on July 9, 2007.

/s/ Kathleen M. Guilfoyle
Kathleen M. Guilfoyle