# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
--------------------------------------------------------
DIDIER COMBE, Individually, and as        :
Parent and Legal Guardian of his minor    :
child, CHLOE COMBE-RIVAS                   :
                          Plaintiff,       :    Civil Action No.
                                           :    1:07-CV-10155-RCL
                                           :
                                           :
            - vs -                         :
                                           :
CONTINENTAL AIRLINES, INC.,                :
                                           :
                          Defendant.       :
--------------------------------------------------------
```

## OPPOSITION OF THE PLAINTIFF TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE PLAINTIFF'S BREACH OF CONTRACT CLAIMS (COUNTS II AND IV)

### I.      INTRODUCTION

The plaintiff, Didier Combe, individually and as Parent and Legal Guardian of his minor child, Chloe Combe-Rivas, commenced this action on January 29, 2007 with the filing of his complaint against the defendant, Continental Airlines, Inc. (hereafter "Continental"). The plaintiff alleges that Continental acted negligently, violated its own internal procedures, and breached its contract with Chloe when it permitted Chloe and her mother, Aline Rivas-Vera, to obtain a boarding pass at the Kansas City Missouri Airport and to board a Continental flight with Mexico as the final destination. The plaintiff alleges that Continental negligently failed to follow its procedure requiring the traveling parent, Rivas-Vera, to provide notarized documents signed by the absent parent, Didier Combe, authorizing Rivas-Vera to take Chloe out of this country and into Mexico. As a result of Continental's wrongful and negligent conduct, Rivas-Vera was permitted to abduct Chloe and remove her from the United States, thereby depriving Didier

1

Combe of his relationship with his daughter and her love, companionship, society and affection. Likewise, Continental's negligent and wrongful conduct has deprived Chloe of her relationship with her father and his love, companionship, society and affection. Didier Combe's independent claims sound in negligence (Count I), breach of contract (Count II), and interference with custodial relations. (Counts III). Chloe claims also sound in negligence (Count IV), breach of contract (Count V), and interference with custodial relations. (Counts VI).

This is the third motion filed by Continental during the early stages of this litigation. On May 25, 2007, Continental served the plaintiff and filed with this Court a motion to dismiss all counts in the plaintiff's complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Continental argued that all of the plaintiffs' claims fell exclusively within the ambit of the Warsaw Convention, as amended by the Montreal Convention, and should be dismissed because they are not cognizable under the Convention. On June 14, 2007, this Court ruled that Continental's motion was moot in light of the filing of the plaintiff's amended complaint.

On June 9, 2007, Continental filed a motion to transfer this action to Texas, its home state, under the doctrine of *forum non conveniens.* On August, 22, 2007, this Court denied Continental's motion.

Continental's present motion for partial summary judgment seeks dismissal of Didier and Chloe Combe's respective claims asserting a breach of the Contract of Carriage. Specifically, the Combes allege that the Contract of Carriage includes Continental's practice and procedure requiring that a single parent traveling with a minor child to Mexico carry proof, in the form of a notarized letter, that the absent parent authorizes the traveling parent to take the child out of the United States and into Mexico. Continental argues that both Didier's and Chloe's breach of

contract claims fail as a matter of law because the Contract of Carriage excludes any consequential or indirect damages, including the emotional and psychological damages suffered by Didier and Chloe as a result of the loss of each other's consortium.  Continental further argues that Didier Combe's breach of contract claim is barred as a matter of law because the Contract of Carriage expressly excludes claims by third-party beneficiaries.

For the reasons discussed below, Continental's arguments should be rejected.

## II.    PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS OF RECORDS.

With one exception, Plaintiff does not dispute the statements of fact set forth in the Defendant's motion[1]; however, several items are contentions of law, to which Plaintiff does not agree.  Those paragraphs (or portions thereof) are as follows:

- Par. 3;

- Par. 5 (only: ". . .which governed the air travel of . . .Chloe"); and

- Par. 9

## III.    THE DAMAGES SOUGHT BY THE PLAINTIFF FOR LOSS OF CONSORTIUM ARE NOT CONSEQUENTIAL OR INDIRECT.

Continental wrongly assumes that all consortium damages are consequential and indirect. Consortium type damages are consequential when they flow from the wrongful infliction of personal injury upon a family member.  The direct and immediate harm is the physical injury to a spouse or parent and the loss of consortium suffered by the injured person's spouse or child is a

---

[1] The contention in par. 8 is not supported by reference to any record and Mr. Combe has not yet been deposed; moreover, this contention is not a material fact to this motion.

secondary, indirect, and consequential result of the first injury.  *Bly v. Skaggs Drug Centers, Inc.,* 562 S.W.2d 723, 728 (Mo.App. 1978).[2]

Here, Chloe's and Didier's harm is not contingent or dependent upon some other physical injury to another person.  In the circumstances of this case, the loss of consortium suffered by the plaintiffs is the direct and immediate injury inflicted.  The plaintiffs allege that Continental wrongfully permitted Chloe's mother to abduct her to Mexico without proof of Mr. Combe's authorization as required by the Contract of Carriage.   Once Continental wrongfully issued a boarding pass to Chloe and allowed her to board the flight to Mexico in violation of Continental's own practices and procedures and the Contract of Carriage, her abduction was complete and the harm caused to Didier and Chloe Combe began immediately.

For obvious reasons, Continental has failed to quote or refer to the definition of "consequential damages" contained in the Contract of Carriage; under the contract, "[c]onsequential damages means damages which are the result of an act but are not direct or immediate."  The act here was Continental's failure to require Chloe's mother to produce a notarized letter of consent from Mr. Combe permitting Chloe to travel with her mother to Mexico as required by Continental's practice and procedure.  The immediate and direct harm flowing from this wrongful conduct was Chloe's disappearance from her father's life which occurred at the moment Chloe was issued a boarding pass to Mexico and allowed to board the aircraft.

Missouri common law, which applies to this case, supports the conclusion that the consortium damages suffered by the plaintiffs in this case are not consequential.  The Missouri courts "distinguish[] between immediate and consequential injury by stating that 'an injury is

---

[2] Missouri law applies to the plaintiff's breach of contract claims since Chloe and her mother resided there at the time of the flight, the tickets were issued there, and Continental's wrongful act of issuing a boarding pass to Chloe without obtaining Didier Combe's written consent took place there.

considered as immediate when the act complained of itself, and not merely a consequence of that act, occasions the injury.'" *Wheeler v. Community Fed. Savings & Loan Assoc.,* 702 S.W.2d 83, 86 (Mo.App. 1986), quoting *Mawson v. Vess Beverage Co.,* 173 S.W.2d 606, 613 (Mo.App. 1943). Here, Continental's act of wrongfully permitting Chloe's unauthorized departure to Mexico occasioned the injury in the form of Chloe's direct and immediate separation from her father.  Accordingly, the provision excluding consequential damages in the Contract of Carriage does not apply to the actual and direct loss of consortium damages alleged in Didier's and Chloe's breach of contract claims.

## IV. DIDIER COMBE WAS A PARTY TO THE CONTRACT OF CARRIAGE OR AN IMPLIED CONTRACT.

Under Continental's practices and procedures that became a part of the Contract of Carriage, Continental could not transport Chloe from Missouri, to Texas, and ultimately to Mexico without the authorized consent of her father.  Thus, under the Contract of Carriage, Chloe should not have been permitted to fly to Mexico with one parent unless a mutual understanding and agreement was reached between Chloe's mother, Chloe's father, and Continental.  Under this mutual understanding and agreement, the parties had the following obligations and received the following benefits:

- Chloe's mother purchased Chloe's ticket with the corresponding benefit that she and Chloe would fly together to Mexico.

- Continental received payment for Chloe's ticket and, in return, was obligated to obtain the notarized consent of Didier Combe as a condition to flying her to Mexico and, once that consent was received, to safely fly Chloe to Mexico.

- Didier Combe was required to consent to Chloe's travel to Mexico as a pre-condition to the transaction.

Thus, Chloe could not fly to Mexico and Continental could not receive the benefit of the purchase price of the ticket without a course of dealing and a mutual understanding with Didier Combe.  This is so because in the circumstances of this case, Chloe, a minor, lacked the capacity to contract for a flight to Mexico without the consent of both parents.  See *Nelson v. Browning,* 391 S.W.2d 873, 879 (Mo. 1965)(a minor lacks the capacity to contract and a contract entered into by a minor is voidable at the minor's option).  See also V.A.M.S. § 431. 055 (a minor under the age of 18 lacks the capacity to contract).

Under Missouri law, an implied contract exists "if an agreement can … be inferred from the acts and conduct of the parties, interpreted in light of the subject matter and of the surrounding circumstances."  *Kosher Zion Sausage Co. v. Roodman's, Inc.,* 442 S.W.2d 543, 546 (Mo.App. 1969).  "Thus, a contractual relationship may arise without written or oral offer and acceptance, and does arise where circumstances and the acts and conduct of the parties support a reasonable inference of a mutual understanding and agreement that one party perform and that the other party compensate for such performance."  *Id.*

Under the terms and conditions of the Contract of Carriage relating to travel to Mexico, a mutual understanding must exist between the traveling parent, the non-traveling parent, and Continental before a minor can be removed from the United States and flown to Mexico.  This understanding consists of the following: (1) one or both parents must purchase a ticket for the minor; (2) the traveling parent must accompany the minor child on the flight; and (3) the non-traveling parent must provide his notarized written consent permitting the transport of the child to Mexico.  Because all of these events must occur before Continental can be compensated for its performance, an implied agreement between the parties arises from the actions of the parties and the circumstances of the transaction.  *Kosher Zion Sausage Co. v. Roodman's, Inc., supra* at 546

(an implied contract arises where the circumstances, "according to the ordinary course of dealing and the common understanding of men, show a mutual intent to contract").

Simply put, Chloe could not fly to Mexico with her mother and Continental cannot fly Chloe to Mexico unless there is an agreement by both parents authorizing the travel.  In this way, Didier Combe is a necessary party to the Contract of Carriage or to an implied contract in the circumstances where a minor child is flying to Mexico with one parent.

Continental should be equitably estopped from arguing that Didier Combe was not a party to this particular Contract for Carriage, because he never provided his consent to the flight. It was Continental's wrongful failure to obtain his notarized written consent that resulted in his exclusion from the transaction.  Equitable estoppel applies when the wrongful conduct of one party to a contract absolutely precludes it, both at law and in equity, from asserting rights which might perhaps have otherwise existed.  *Highland Inns Corp. v. American landmark Co.,* 650 S.W.2d 666, 670 n.2 (Mo.App. 1983).

Continental has claimed the benefits of the contract by retaining the cost of the ticket and asserting terms of the contract against the plaintiffs; and "[a] party may be estopped from questioning the existence, validity and effect of a contract by accepting the benefits of that contract." *Netco, Inc. v. Dunn,* 194 S.W.3d 353, 360 (Mo. 2006). Further, a party cannot "'assume the inconsistent position of affirming a contract in part by accepting or claiming its benefits, and disaffirming it in part by repudiating or avoiding its obligations or burdens.'" *Id*, quoting *Dubail v. Medical W. Bldg. Corp.,* 372 S.W.2d 128, 132 (Mo. 1963).

## V.    CONCLUSION

For all the above reasons, Continental's motion for partial summary judgment should be denied.

**Request for Oral Argument**

Plaintiff joins the Defendant in requesting oral argument on this motion.

                              Respectfully submitted,

                              KREINDLER & KREINDLER LLP

                                /s/ Anthony Tarricone
                              Anthony Tarricone, Esq.
                              atarricone@kreindler.com
                              BBO# 492480

                                /s/ James D. Gotz
                              James D. Gotz, Esq.
                              jgotz@kreindler.com
                              BBO # 567157

                              277 Dartmouth Street
                              Boston, Massachusetts 02116
                              617-424-9100
                              *Attorneys for Plaintiff*

Date:   April 23, 2008


**Certificate of Service**

I hereby certify that a copy of the foregoing was served upon all counsel of record via the

Court's ECF system.

                                /s/ James D. Gotz
                              James D. Gotz, Esq.